Graham *v.* Caldwell.

## S. W. GRAHAM *v.* ROBERT CALDWELL *et al.*

PLEADING AND PRACTICE. *Pauper Oath. Must be taken how and where.* A pauper oath taken in another State by one of its citizens before a notary public, is insufficient, and will not sustain the prosecution of a suit in this State.

Cases cited: *Davis* v. *Dyer*, 5 Sneed, 679 ; 2 Heis., 641.

Code cited: Section 3192.

Acts cited: Act of 1821, ch. 22 ; 1829, ch. 88. ·

### FROM KNOX.

Appeal from Chancery Court.

Record not to be found.

WASHBURN & HOUK and T. S. WEBB for Caldwell.

No counsel marked for Graham.

DEADERICK, J., delivered the opinion of the court.

The complainant appeals from the decree of the Chancellor, presiding at the Chancery Court for Knox county, dismissing his bill upon the motion of defendants.

The complainant is a citizen of Missouri, and filed his bill in the said Chancery Court upon taking the pauper's oath. The oath was taken before a notary public in Missouri, and the question is presented whether that entitles him to prosecute this suit.

The act of 1821, ch. 22, prescribes that the clerks of the different courts of this State shall, on application of any poor person, who shall take the prescribed oath, issue any writs, etc., without demanding securities.

The act of 1829, ch. 88, excepts from the operation of the act of 1821, actions for malicious prosecution, false imprisonment, slander and libel. Code, section 3192, except for false imprisonment, malicious prosecution and slanderous words, allows any one to commence an action without security, by taking the pauper's oath.

In *Davis* v *Dyer*, 5 Sneed, 679, where an appeal was taken from the circuit court to this court, and the pauper's oath was taken before a justice of the peace, it was held that the taking of the oath must be before the court; that it is a judicial act, and when taken before a justice of the peace is a mere nullity—and this ruling was approved in 2 Heis., 641.

The power to take affidavits to answers in chancery

Graham *v.* Caldwell.

by justices of the peace, is expressly conferred by statute; so also is the power co-extensive with the justices conferred on a notary public. But the special authority thus conferred by statute upon justices of the peace and notaries public, furnished no argument in favor of their power to exercise other powers not expressly conferred.

If, therefore, a justice of the peace or notary public in the State has no such powers, much less can it be permitted to be exercised by those officers of other States.

We are, therefore, of opinion that there was no error in the action of the chancellor in sustaining the motion to dismiss. The motion "to amend the affidavit," made by complainant after the chancellor announced his decision on the motion to dismiss, does not disclose the amendment which it was proposed to make. No exception was taken to the form of the affidavit, and no amendment could have cured the substantial objection that the affidavit was a nullity.

No specific amendment is proposed, from which we can see that the motion ought to have been allowed, or that the chancellor erred in refusing it.

The decree of the chancellor will be affirmed.